HERGET, Judge
(dissenting}.
As noted from the majority opinion, the factual circumstances giving rise to this litigation have been stipulated. There remains only a question of law for determination.
The questions raised serve to focus attention on the uncertainty of obligations and rights of motorists in traversing intersections controlled by semaphore signals. The confusion of the lay motorist is understandable when, as in this case, in giving consideration to issues within the confines of their chambers and with full opportunity to view same objectively, judges disagree. The Trial Judge, after an examination of the law applicable to the factual situation, was of the opinion Mrs. LaBauve, traveling south on Acadian Throughway, was guilty of no negligence in entering the intersection with a green light favoring her. In this Court the majority, in their opinion, have concluded Miss Allen, who entered the intersection with a favorable light but whose forward progress through the intersection was interrupted by another motorist proceeding east on Government Street turning left in front of her to go north on Acadian Throughway, was guilty of no negligence *129 and was warranted in attempting to complete her course through the intersection though, because of the delay occasioned by her stopping, the light changed and was unfavorable to her forward progress. In support of their conclusion, the majority predicated the finding of negligence on the part of Mrs. LaBauve upon her failure to have observed prior to entering the intersection the presence of the Allen vehicle therein, citing cases wherein the appellate courts have held a motorist favored with a green light observing or being held to have observed the presence of a vehicle within an intersection controlled by semaphore signals, having lawfully entered same under a favorable light, was obligated to permit such vehicle to clear the intersection prior to entering same.
Semaphore lights are mechanically adjusted and timed for cycling to afford one lawfully entering the intersection to proceed normally through same prior to the change. Such maneuver is possible as mechanically timed by allowing a motorist unimpeded forward progress through the intersection. Thus, the timing for the change of the lights is based on the continued forward progress of the motorist entering the intersection and cannot contemplate the motorist stopping in the intersection. When confronted with a favorable light, the motorist is invited to proceed through the intersection, not to stop therein. Accordingly, motorists approaching a green light are assured motorists who have entered the intersection from crossing streets on proper semaphore signal and who have proceeded without interruption have cleared same.
In the stipulation quoted in the majority opinion, prior to the time Mrs. LaBauve reached the intersection the controlling traffic light at the intersection turned green for southbound traffic on Acadian Throughway, the direction in which she was proceeding. It was further stipulated a line of cars in the east, or inside, lane on Acadian Throughway were stopped in obedience to the semaphore signal, which stopped line of cars, it was further stipulated, “prevented Mrs. LaBauve from seeing the Allen automobile until the moment of collision.” Therefore, at the point Miss Allen stopped in the intersection, the presence of the cars in the east lane for southbound traffic on Acadian Throughway prevented each of the drivers of the vehicles involved in the collision from observing the other.
In my opinion, the determination of negligence resulting in this collision rests on which driver was required under the existing circumstances to refrain from forward movement until, upon observation, such movement could be made safely. Perhaps instinctively and without sober reflection, and I might add understandably, a motorist when trapped in an intersection, as was Miss Allen in the instant case, would have but one object in view and that would be to clear the intersection. The parties stipulated Miss Allen had stopped at a point in the intersection where she could no longer see the traffic light. She, however, must have been aware of the fact of the change of the semaphore for it was further stipulated: “When the light changed, the first southbound car in line in the inside lane on Acadian started forward and went around behind the Allen automobile.” Notwithstanding that possibly it may be questionable to designate the place Miss Allen was stopped as one of safety, her presence in that stopped position was obvious to vehicles proceeding southward in the east lane of Acadian Throughway through the intersection. In all probability placed in such a position might have been embarrassing to her, and it might have given rise to impetuous horn blowing by those whose progress was impeded, yet there would be little likelihood of any danger in remaining stationary. Consequently, it is my opinion Miss Allen must be held to have been negligent in leaving a place of safety and proceeding through the intersection without observing or failing to have observed the oncoming LaBauve vehicle.
In my opinion the cases relied on by the majority of this Court for holding Mrs. *130 LaBauve negligent are inapposite. Under the factual stipulation of this case, the lawfully stopped line of cars in the east lane of southbound traffic on Acadian Throughway prevented Mrs. LaBauve from seeing the Allen automobile until the moment of collision. Factually, as stipulated, the traffic light became favorable to Mrs. LaBauve prior to her reaching the intersection; therefore, sufficient time had elapsed for complete clearing of the intersection and she was under no duty or obligation to anticipate the presence of the Allen car in the intersection or that it would suddenly dart into her path. Lewis v. Groetsch, La. App., 32 So.2d 396.
For these reasons, I am of the opinion the judgment of the Trial Court should be affirmed and I respectfully dissent.
ELLIS, J., joins the dissent.
Rehearing denied.